# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Francisco Javier Medina-Perez,**

   Petitioner

      v.

**United States of America,**

   Respondent.

CIVIL NO. 17-1270 (PG)
Related Crim. No. 12-714 (PG)

## **OPINION AND ORDER**

Before the court is petitioner Francisco Javier Medina-Perez's ("Petitioner" or "Medina-Perez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), and the United States' (or the "government") opposition thereto (Docket No. 13). For the reasons explained below, the court **DENIES** Petitioner's motion to vacate.

## I. Background

On October 4, 2012, a grand jury returned a two-count indictment charging Medina-Perez with violations concerning a carjacking incident. See Crim. No. 12-714 (PG) (hereinafter "Crim."), Crim. Docket No. 10. After pleading guilty to both counts, Medina-Perez was convicted of aiding and abetting a carjacking, in violation of 18 U.S.C. § 2119(1) ("Count One"), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two"). See Crim. Docket No. 51. On June 7, 2013, the court sentenced Medina-Perez to be imprisoned for a total term of 162 months - 78 months on Count One, plus a consecutive 84-month sentence on Count Two. Id.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

### III. Discussion

On February 23, 2017, Medina-Perez filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. In his petition, Medina-Perez claims that the court must vacate his Section 924(c) convictions because: (1) Section 924(c)'s residual clause is unconstitutionally vague after Johnson v. United States, 135 S.Ct. 2551 (2015); and (2) his carjacking convictions fail to categorically qualify as crimes of violence under the statute's force clause. See Docket No. 1 at pp. 2-14. In support of his arguments, Petitioner contends that intimidation does not amount to the use, attempted use, or threatened use of "violent force," and that aiding and abetting does not require "violent force." Id. at pp. 12-13.

The government submits these claims fail because: (1) the First Circuit has determined that carjacking is a crime of violence under Section 924(c)'s force clause; and (2) the court has already rejected the argument that aiding and abetting does not require "violent force." See Docket No. 13 at p. 2. The court agrees.

In United States v. Cruz-Rivera, No. 16-1321, 2018 WL 4378173, at *2 (1st Cir. Sept. 14, 2018), the First Circuit recently held that carjacking is a crime of violence under Section 924(c)'s force clause. Furthermore, this district court has rejected the argument that aiding and abetting does not require "violent force." See Cruz-Arboleda v. United States, Civil No. 16-2216 (PG), 2018 WL 3031480 at *3 (D.P.R. June 14, 2018) (holding that aiding and abetting the commission of a crime of violence is a crime of violence itself) (citing United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994). Consistent with the above-cited decisions, the court finds Petitioner's claims are meritless.

## IV. Conclusion

Based on the above, the court finds that petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

## V. Certificate of Appealability

It is further ordered that no certificate of appealability should be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 21, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**